United States District Court
Southern District of Texas
**FILED**

JUN 16 2014

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| v. | § § | **CRIMINAL NO. H-12-600-4** |
| **ROBERT FERGUSON,** | § § | |
| **Defendant.** | § § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Laura M.K. Cordova, Assistant Chief, United States Department of Justice, Criminal Division, Fraud Section, and defendant, Robert Ferguson ("Defendant"), and Defendant's counsel pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreements

1. Defendant agrees to plead guilty to Count Two of the Indictment. Count Two charges Defendant with conspiracy defraud the United States and to pay and receive health care kickbacks, in violation of Title 18, United States Code, Section 371. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proven to a jury or judge beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for violation of Title 18, United States Code, Section 371, is a term of imprisonment of not more than five years and a fine of not more than

$250,000 or twice the pecuniary gain or loss from the crime. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years. 18 U.S.C. §§ 3559(a) & 3583(b). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. 18 U.S.C. §§ 3559(a) & 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended; nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. If Defendant is not a citizen of the United States, a plea of guilty may result in deportation, removal, and/or exclusion from admission to the United States, or the denial of naturalization. A plea of guilty may also result in Defendant being permanently barred from legally entering the United States after being deported, removed, and/or excluded. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Exclusion from Federal Health Care Programs

5.     Defendant understands and acknowledges that as a result of this plea, Defendant will be excluded from participating as a provider in Medicare, Medicaid, and all Federal health care programs. Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect Defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

### Cooperation

6.     The parties understand this Plea Agreement carries the potential for a motion for departure under Section 5K1.1 of the United States Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Department of Justice, Criminal Division, Fraud Section. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in paragraphs 23 through 27 of this Plea Agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

7.     Defendant understands and agrees that the term "fully cooperate," as used herein, includes providing all information relating to any criminal activity known to Defendant,

including, but not limited to, health care fraud. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this Plea Agreement binds only the United States Attorney for the Southern District of Texas and the United States Department of Justice, Criminal Division, Fraud Section and Defendant, and that it does not bind any other United States Attorney or other component or unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this Agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete, and accurate information and testimony and understands any false statements made by Defendant to the grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f) Should the recommended departure, *if any*, not meet Defendant's expectations, Defendant understands he remains bound by the terms of this Plea Agreement and that he cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal

8. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined, except the defendant may appeal a sentence above the statutory maximum penalty for the offense

charged in Count Two of the Indictment. Additionally, Defendant is aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

9. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, the United States, or the Probation Office, is a prediction, not a promise, and such estimate **did not induce his guilty plea** and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S. Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10. Defendant understands and agrees that each and all waivers contained in the Plea Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

### The United States' Agreements

11. The United States agrees to each of the following:

    (a) If Defendant pleads guilty to Count Two of the Indictment and persists in that plea through sentencing, and if the Court accepts this Plea Agreement,

the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing;

(b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two-level downward adjustment under Section 3E1.1(a) of the Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(c) If Defendant qualifies for an adjustment under Section 3E1.1(a) of the Sentencing Guidelines and Defendant's offense level is 16 or greater, the United States may move for an additional one-level downward adjustment based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense.

### Agreement Binding Only Southern District of Texas and U.S. Department of Justice, Criminal Division, Fraud Section

12. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas; the United States Department of Justice, Criminal Division, Fraud Section; and Defendant. It does not bind any other United States Attorney of any other component of the Department of Justice. The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

### United States' Non-Waiver of Appeal

13. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right to:

(a) Bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) Set forth or dispute sentencing factors or facts material to sentencing;

    (c)      Seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

    (d)      File a pleading relating to these issues, in accordance with Section 6A1.2 of the Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

    (e)      Appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

14. Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

### Rights at Trial

15. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this Plea Agreement, he surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses, and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

16. Defendant is pleading guilty because he *is* guilty of the charges contained in Count Two of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

From in or about June 2010 through in or about August 2011, Defendant Robert Ferguson conspired with others to defraud the United States and to pay and receive health care kickbacks, in violation of Title 18, United States Code, Section 371. Medicare is a "health care benefit program" of the United States, as defined by Title 18, United States Code, Section 24. Furthermore, Medicare is a health care benefit program affecting commerce.

Defendant, together with others, owned and operated Dynamic PHP ("Dynamic"), a facility that purported to provide psychiatric partial hospitalization program ("PHP") services on behalf of a Houston hospital. Dynamic was subsequently acquired by the Hospital and became known as Caroline PHP ("Caroline"). Defendant would oversee the payment of health care

kickbacks to group home owners and patient recruiters in exchange for those group home owners and patient recruiters sending Medicare beneficiaries to Dynamic and Caroline for PHP services. Many of the Medicare beneficiaries for whom Defendant paid kickbacks did not qualify for or need PHP services. The services provided at Dynamic and Caroline did not constitute PHP services.

Defendant also received kickbacks for sending patients who did not qualify for or need PHP services to the Hospital for PHP services. Defendant was paid these kickbacks with checks containing the signature of Earnest Gibson III. For example, on or about May 12, 2011, Defendant received a kickback of approximately $2,500 in exchange for Defendant referring and obtaining the referral of Medicare beneficiaries to the Hospital for PHP services. Also, on or about May 26, 2011, Defendant received a kickback of approximately $2,500 in exchange for Defendant referring and obtaining the referral of Medicare beneficiaries to the Hospital for PHP services.

From in or about June 2010 through in or about August 2011, the time period that the Defendant participated in the conspiracy, the Hospital submitted claims to Medicare totaling approximately $6.6 million for PHP services purportedly provided to Medicare beneficiaries that attended Dynamic and Caroline PHPs. Medicare paid the Hospital approximately $2 million on those claims.

The Defendant's criminal acts took place in the Houston Division of the Southern District of Texas.

### Breach of Plea Agreement

17. If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains,

conceals or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Restitution, Forfeiture, and Fines

18. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

19. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) by the deadline set by the United States, or if no deadline is set, prior to sentencing. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

20. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to

facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks that have custody of his assets to deliver all funds and records of such assets to the United States.

21. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

22. Defendant agrees to pay full restitution to the victim regardless of the counts of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim incurred a monetary loss of at least $2 million. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

23. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

24. Defendant stipulates and agrees that the factual basis for his guilty plea supports the forfeiture of at least $2 million against him and in favor of the United States. Defendant agrees to forfeit any of his property, or his interest in property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied.

25. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

26. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure.

27. Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

28. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

29. This written Plea Agreement, consisting of 15 pages, including the attached addendum of Defendant and his attorney, constitutes the complete agreement between the United States, Defendant, and his counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

30. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at __Houston__, Texas, on __June 16__, 2014.

_____
Defendant

Subscribed and sworn to before me on __June 16__, 2014.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

KENNETH MAGIDSON
United States Attorney

By: _____  _____
LAURA M.K. CORDOVA                    DAVID WILLIAM KIATTA
Assistant Chief                       Attorney for Defendant
United States Department of Justice
Criminal Division, Fraud Section
Telephone: (202) 549-8941
E-mail: Laura.Cordova@usdoj.gov