United States District Court
Southern District of Texas
**ENTERED**
July 03, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-12-600-4 |
| | § | |
| ROBERT FERGUSON | § | |

**MEMORANDUM AND ORDER GRANTING COMPASSIONATE RELEASE**

Robert Ferguson, a federal prison inmate, asks the court to grant his renewed motion for compassionate release by modifying his sentence to time served or requiring him to spend the rest of the sentence in home confinement, as a condition of supervised release. (Docket Entry No. 882). He moved under 18 U.S.C. § 3582(c)(1)(A), relying on the threat of infection from the COVID-19 virus and his susceptibility to severe symptoms because of his underlying medical conditions. The government opposed the motion. (Docket Entry No. 891). Ferguson moved to reduce his sentence once before, but the court denied the motion because he had not exhausted his remedies, as required under the First Step Act. (Docket Entry Nos. 853, 865).

Based on the careful consideration of the briefs, the record, and the applicable law, the court grants Ferguson's renewed motion for compassionate release, and modifies his sentence to time served plus 36 months of supervised release, the first 22 of which will be served in home confinement.

The reasons for this ruling are set out below.

**I.      Background**

Ferguson pleaded guilty to conspiracy to defraud the United States and pay health care

kickbacks, in violation 18 U.S.C. § 371. (Docket Entry No. 205). The district court sentenced Ferguson to a 39-month prison sentence and three-years supervised release. (Docket Entry No. 761). Ferguson is incarcerated at FCI Beaumont Low in Texas.

The Presentence Report describes Ferguson's role in the Medicare-fraud scheme. Ferguson was a patient recruiter for Riverside General Hospital, and oversaw marketing for Dynamic PHP, a partial hospitalization program at Riverside. An undercover investigation revealed that Riverside was the center of an extensive scheme involving fraudulent claims for Medicare-reimbursed partial hospitalization program services, including services allegedly provided by Dynamic. Ferguson received payment for sending Medicare beneficiaries to Riverside for PHP services, which were never performed. Ferguson was determined to be a "manager/supervisor" in the scheme. (*See* Docket Entry No. 472).

The PSR assessed Ferguson's offense level at 32, which included enhancements for knowing that victims of the scheme were vulnerable and for his role as a manager in the scheme, as well as an adjustment for his acceptance of responsibility and cooperation with the government. (Docket Entry No. 472 at 40). The PSR calculated Ferguson's criminal history category at III. (*Id.* at 46). The court sentenced Ferguson below the Guideline range, to a 39-month sentence. (Docket Entry No. 761). He has spent over a year in custody and has a projected release date of December 6, 2021, based on his good conduct. (Docket Entry No. 882-1). He asks the court to reduce his sentence to time served or to add a home-confinement condition, based on compassionate release in the face of the COVID-19 pandemic. The government opposes, based on Ferguson's inability to satisfy the criteria for the relief he seeks.

**II.     Analysis**

Section 3582(c)(1)(A)(ii) requires any sentence reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). The policy statement allows a reduction for "extraordinary and compelling reasons," only if the reasons are "consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(1)(A), (3) (U.S. SENTENCING COMM'N 2018). Application Note 1 explains that "extraordinary and compelling reasons exist under any of the circumstances set forth below." *Id.* § 1B1.13 cmt. n.1.  These circumstances are: (a) suffering from a terminal illness or other medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) being at least 65 years old and "experiencing a serious deterioration in physical or mental health because of the aging process" and having "served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (c) the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner"; or (d) "[a]s determined by the Director of the Bureau of Prisons, . . . an extraordinary and compelling reason other than, or in combination with, the [above] reasons." *Id.* § 1B1.13 cmt. n.1.

Courts differ on whether Application Note 1 remained binding after Congress passed the First Step Act. *Compare United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019) ("U.S.S.G. § 1B1.13 cmt. n.1(D) no longer describes an appropriate use of sentence-modification provisions and is thus not part of the applicable policy statement binding the Court."), *with United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020) (the

district court did not err by considering § 1B1.13 commentary when determining whether an "extraordinary and compelling reason" existed that warranted a sentence reduction).

Ferguson states that his underlying preexisting conditions increase the risk of severe symptoms if he is infected with COVID-19. Ferguson is 61 years old, and suffers from obesity, coronary artery disease, and hypertension. (Docket Entry No. 890 at 2). All are known comorbidity factors in cases of COVID-19 infection. Ferguson cites the recent growth in positive inmate cases at FCI Beaumont, which has seen an increase in positive inmate cases from no cases to 30 positive cases in the last two weeks, to support his claim that the BOP is not able to safeguard inmates. (Docket Entry No. 895); *see also* BOP COVID-19 Resource Page, available at https://www.bop.gov/coronavirus/ (last accessed July 2, 2020). Ferguson argues that his six years of pretrial release that he served without incident, his status as a nonviolent offender, and his plan to live with his sister after release, all support a sentence reduction.

Ferguson's reasons show the "extraordinary and compelling reasons" necessary for a sentencing reduction under § 3582(c)(1)(A). The growing number of cases at the FCI makes it more likely that the longer he remains there, the higher the risk of infection. While his medical condition is not presently terminal, he does suffer from serious physical or other medical conditions—obesity, coronary artery disease, and hypertension—that "substantially diminishes" his ability "to provide self-care"—remaining free of the most severe COVID-19 symptoms—"within the environment of a correctional facility." U.S.S.G § 1B1.13 cmt. n.1(A). If he were to contract COVID-19, his underlying conditions mean that he would be at high risk of severe symptoms, from which he would not be expected to recover fully. *Id.* § 1B1.13 cmt. n.1(A). These facts provide "extraordinary and compelling reasons" for compassionate release to home confinement.

The court recognizes, and credits, BOP's implementation of a number of steps to mitigate the risks of COVID-19 transmission in the BOP institutions. But as Ferguson points out, the BOP's efforts to manage the outbreak at Beaumont have proven insufficient, as evidenced by the growing infection rate. The grave risks of the COVID-19 virus are heightened for Ferguson by the enhanced risks presented when individuals are required to live together in close quarters and by his own comorbidity factors. Ferguson has shown extraordinary and compelling reasons that would justify compassionate release to home confinement during the COVID-19 pandemic.

The § 3553(a) factors support this result. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Agomuoh*, No. 16-20196, 2020 WL 2526113, at *10 (E.D. Mich. May 18, 2020) (the § 3553(a) factors supported compassionate release for an inmate convicted of Medicare fraud); *United States v. Musleh*, No. 4:18-cr-197-6 (S.D. Tex. April 22, 2020), ECF No. 217, 218 (wire fraud); *United States v. Brannan*, No. 4:15-cr-80-1 (S.D. Tex. April 2, 2020), ECF No. 286 (bank fraud). Ferguson has served almost half of his sentence in custody. While some of his codefendants and other participants in the Riverside Hospital scheme had their sentence-reduction motions denied, the court made recommendations to the BOP to release two defendants to home confinement for two years because of their comorbidity factors and proximity to COVID-19 outbreaks in BOP facilities. *See, e.g.,* Order For Recommending that the BOP Order the Defendant's Temporary Release, *United States v. Gibson*, No. 4-12-cr-600-2 (S.D. Tex. May 27, 2020); Order For Recommending that the BOP Order the Defendant's Temporary Release, *United States v. Gibson*, No. 4-12-cr-600-1 (S.D. Tex. July 1, 2020).

Upon release from imprisonment, Ferguson shall be placed on supervised release for a term of THREE (3) YEARS. While on supervised release, Ferguson shall not commit another federal, state, or local crime, shall comply with the Mandatory and Standard Conditions of

Supervision as approved by the Judicial Conference and adopted by this Court under General Order No. 2017-01, shall abide by any mandatory condition(s) required by law, and shall comply with the following additional conditions:

Ferguson is ordered restricted to his residence at all times (home incarceration), except for medical necessities and court appearances or other activities specifically approved by the Court, for a period of TWENTY-TWO (22) MONTHS as a condition of supervised release.

Ferguson will be monitored by the form of location monitoring technology at the discretion of the probation office for the period of TWENTY-TWO (22) MONTHS, and he must follow the rules and regulations of the location monitoring program. Defendant must pay the costs of the program. The probation officer will initiate the monitoring program as soon as practicable and when deemed appropriate given the current COVID-19 outbreak.

All other conditions of supervised release imposed at the time of sentencing remain unchanged.

### III.     Conclusion

The court grants Ferguson's renewed motion for compassionate release, (Docket Entry No. 882), and modifies his sentence to time served and 36 months of supervised release, as described above.

SIGNED on July 3, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge